# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:05-CR-00211-KDB-DCK-2

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| MIGUEL GARCIA NUNEZ, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Miguel Garcia Nunez' *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. (Doc. No. 319). Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny the motion without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

## I. BACKGROUND

In 2006, Defendant was found guilty by a jury of one count of conspiracy to possess with intent to distribute methamphetamine, cocaine and marijuana and two counts of possessing with intent to distribute methamphetamine and aiding and abetting. (Doc. No. 191). He was sentenced to 270 months plus five years of supervised release. (Doc. No. 294). In 2015, the Court reduced his sentence to 262 months pursuant to the Sentencing Commission's retroactive Amendment 782. (Doc. No. 314).

Defendant is a 51-year-old male confined at McRae CI, a privately managed, low-security prison in Georgia, operated by CoreCivic under contract with the Federal Bureau of Prisons. Defendant has a projected release date of December 26, 2023. McRae CI is known as a "criminal

alien requirement" prison, as it houses only non-citizen prisoners who will face deportation once they complete their sentences. Defendant seeks a reduction in his sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). He asks the Court to consider the dangers of COVID-19 and wants to return to Mexico to care for his elderly mother. Defendant has not provided any medical records. According to his Presentence Report, he has two sisters and one brother who live in the same town as his mother in Mexico. (Doc. No. 290, ¶ 40). According to his Presentence Report, he described his health as good and is not under the care of a physician nor prescribed any medication. He reported poor vision in his left eye. (Doc. No. 290, ¶ 41).

## II. COMPASSIONATE RELEASE

A prisoner may bring a motion for compassionate release before the court only if he "has fully exhausted all administrative rights to appeal a failure" of the BOP to bring a motion on his behalf or if 30 days have passed since the warden received his request, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Courts are split over whether the exhaustion requirement is jurisdictional or is a "case processing" rule that can be waived. *Compare United States v. Brown*, No. CR 12-20066-37-KHV, 2020 WL 1935053, at *1 (D. Kan. Apr. 22, 2020) ("The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request is jurisdictional.") *with United States v. Alam*, -- F.3d --, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding that the administrative exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is non-jurisdictional). The majority view is that the exhaustion requirement is a case processing rule. *See, e.g.*, *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2-3 (S.D.N.Y. Apr. 13, 2020) (collecting cases).

If the rule is not jurisdictional, then it can be waived, forfeited, or abandoned, and is otherwise subject to exceptions. *See United States v. Zukerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). These exceptions include "where it would be futile, either because the agency decisionmakers are biased or because the agency has already determined the issue, . . . where the administrative process would be incapable of granting adequate relief, . . . [or] where pursuing agency review would subject plaintiffs to undue prejudice." *Zukerman*, 2020 WL 1659880, at *3 (citing *Washington v. Barr*, 925 F.3d 109, 118-19 (2d Cir. 2019). It is Defendant's burden to show that he has exhausted his remedies or that exhaustion would be futile or result in undue prejudice. *See, e.g.*, *United States v. Bolino*, No. 06-cr-0806(BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020) (requiring defendant to prove that the exhaustion requirement has been met).

Here, Defendant has not exhausted his remedies as required under 18 U.S.C. § 3852(c)(1)(A). Defendant attaches his request for compassionate release which was received by the warden on December 16, 2020 and subsequently denied by the warden on January 5, 2021. (Doc. No. 319, Attach. 3). Defendant has not exhausted all administrative appeals of the warden's adverse decision that are available to him within the BOP.

According to the BOP's website, McRae CI currently has zero inmates and zero staff with confirmed active cases of COVID-19. There are approximately 1,625 inmates at McRae CI. There has been one inmate death and no staff deaths while 33 inmates have recovered. Given this information, the Court finds that Defendant has not met his burden of showing that the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) should be excused. With no confirmed COVID-19 case at McRae amongst the staff and no confirmed cases amongst the inmate population, requiring

Defendant to exhaust his administrative remedies within the BOP before petitioning this Court would not result in any "catastrophic health consequences" or unduly prejudice Defendant. *See United States v. Fraction*, No. 3:14-CR-305, 2020 WL 3432670, at *7 (M.D. Pa. June 23, 2020) (finding the defendant did "not demonstrate any 'catastrophic health consequences' to make exhaustion futile or show that he could be unduly prejudiced if he had to wait to exhaust his administrative remedies with the BOP"). Generalized concerns regarding the possible spread of COVID-19 to the inmate population at McRae CI are not enough for this Court to excuse the exhaustion requirement, especially considering the BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread at McRae. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

## III. ORDER

**IT IS THEREFORE ORDERED** that Defendant's motion for compassionate release, (Doc. No. 319), is **DENIED** without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

**SO ORDERED.**

Signed: June 26, 2021

Kenneth D. Bell
United States District Judge